UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER DORCH #210850,

        Plaintiff,               Case No. 2:09-cv-224

v.                                    Honorable Robert Holmes Bell

TIMOTHY STALLMAN, et al.,

        Defendants.
_____/

## OPINION

Plaintiff Christopher Dorch #210850, an inmate currently confined at the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Dr. Timothy Stallman, Nurse Practitioner Susan H. Wilson, Administrative Law Judge Sheila E. O'Brien, and Administrative Law Judge Kandra K. Robbins.[1]

A review of Plaintiff's complaint, as well as the attachments to this complaint, assert that on July 24, 2007, while Plaintiff was confined at the Straits Correctional Facility (KTF), another inmate reported that he had fallen off of a stool while trying to get into his bunk. Corrections Officer Mark Schroeder responded and found Plaintiff lying on the floor in apparent pain. Plaintiff informed Officers Schroeder that he could not get up and had hurt his back. Plaintiff was then sent to War Memorial Hospital by ambulance. (Docket #1, Exhibit I.)

---

[1]Plaintiff also names three John Does, who have never been served and are not currently parties to this action.

Upon his arrival at the hospital, Plaintiff told the emergency room physician that he had fallen off a stool just prior to being brought to the hospital. (Docket #1, Exhibit K(1).) Plaintiff was examined in the emergency room and it was determined that Plaintiff did not need to be admitted. Plaintiff was instructed regarding treatment of a sprain / strain, and was discharged with a prescription for Motrin and Flexeril. (Docket #1, Exhibit K(3).)

When Plaintiff returned to the prison, he was seen by Nurse Rene Shimmon, who contacted Defendant Stallman and advised him of the prescriptions written by hospital staff. Defendant Stallman approved the orders for Flexeril 10 mg three times a day, and Motrin 800 mg every six hours as needed for up to 10 days. (Docket #1, Exhibit J(2).) In addition, Plaintiff was given a bottom bunk detail and a lay-in for one day. (Docket #1, Exhibit J(3).) Later that afternoon, Defendant Davis was shown a videotape of Plaintiff's "fall," which revealed that the fall had been faked. Plaintiff does not dispute that he faked the "fall.' Defendant Davis contacted Defendant Stallman that afternoon and told hm that the incident had been faked. Defendant Stallman then cancelled Plaintiff's prescriptions for Flexeril, Motrin, a bottom bunk detail, and a lay-in. (Docket #1, Exhibit J(5).) Defendant Wilson saw Plaintiff the next day, but because Plaintiff was agitated about having his medications and accommodations discontinued, she was unable to examine him. (Docket #1, Exhibit J(6).)

On July 24 and 25, 2007, Plaintiff received a series of misconducts for faking the fall, and for refusing direct orders to get on his bunk. Plaintiff claims that neither Defendant O'Brien nor Robbins had jurisdiction over Plaintiff's misconduct hearings. He further asserts that O'Brien withheld evidence from Plaintiff and held a separate hearing for one of the six misconducts Plaintiff received in order to find him guilty.

Plaintiff claims that defendants' actions violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeking declaratory relief against Defendants O'Brien and Robbins, as well as compensatory and punitive damages and costs and fees.

Presently before the Court are the Defendants' Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (docket #12, #17, and #30). Plaintiff has filed responses and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single

affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that Defendants Stallman, Wilson, and Davis violated his Eighth Amendment rights when they discontinued his prescription for medications and a bottom bunk detail. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where,

5

as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Defendants state that they discontinued Plaintiff's treatment for a back injury because it was discovered that Plaintiff had faked the fall, which was the purported cause of his injury. In response, Plaintiff asserts that Defendants withdrew his medical treatment in order to punish him for faking the fall. Plaintiff offers a copy of the report of the x-ray of Plaintiff's lumbar spine taken on July 24, 2007, in support of his claim. According to the report, the x-ray showed no abnormality of Plaintiff's lumbar spine. (Docket #32, Exhibit A.) Therefore, the x-ray report fails to support Plaintiff's assertion that he was suffering from an injury. In light of the fact that the asserted cause of Plaintiff's injury was discovered to be faked, Defendants were not unreasonable in discontinuing treatment for that injury. The court concludes that Defendants Stallman, Wilson and Davis are entitled to summary judgment.

Plaintiff also claims that Defendants O'Brien and Robbins violated his due process rights when they conducted prison disciplinary hearings without jurisdiction and for denying him a fair hearing. As noted above, Plaintiff was issued a series of misconduct tickets on July 24 and 25, 2007. Defendant Robbins conducted the disciplinary hearing on some of the misconducts and Defendant O'Brien conducted a hearing on the final misconduct. At all of the hearings, Plaintiff asserted a jurisdictional challenge, citing "bar coram non judice."

The court notes that Defendants O'Brien and Robbins are hearing officers whose duties are set forth at MICH. COMP. LAWS § 791.251 through § 791.255. Hearing officers are required to be attorneys and are under the direction and supervision of a special hearing division in the Michigan Department of Corrections. *See* MICH. COMP. LAWS § 791.251(e)(6). Their adjudicatory functions are set out in the statute, and their decisions must be in writing and must include findings of facts and, where appropriate, the sanction imposed. *See* MICH. COMP. LAWS § 791.252(k). There are provisions for rehearings, *see* MICH. COMP. LAWS § 791.254, as well as for judicial review in the Michigan courts. *See* MICH. COMP. LAWS § 791.255(2). Accordingly, the Sixth Circuit has held that Michigan hearing officers are professionals in the nature of administrative law judges. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). As such, they are entitled to absolute judicial immunity from inmates' § 1983 suits for actions taken in their capacities as hearing officers. *Id.*; *and see Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *cf. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (judicial immunity applies to actions under § 1983 to recover for alleged deprivation of civil rights).

All of Plaintiff's claims against Defendants O'Brien and Robbins involve their actions in presiding over his disciplinary hearings. Therefore, Defendants O'Brien and Robbins are entitled to absolute immunity from Plaintiff's claims.

In light of the foregoing, the court concludes that Plaintiff has failed to sustain his burden of proof in response to Defendants' motions for summary judgment. Accordingly, defendant's Motions for Summary Judgment (Docket #12, #17, and #30) are and this case will be dismissed in its entirety.

An Judgment consistent with this Opinion will be entered.

Dated: February 17, 2011 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE